UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RONALD THOMAS DRACOS
V.
HARRIS COUNTY SHERIFF ED GONZALEZ,
STATE OF TEXAS BOARD
OF PARDONS AND PAROLES

CAUSE NO. _____

United States Courts
Southern District of Texas
FILED
APR 20 2020
David J. Bradley, Clerk of Court

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### STATEMENT OF THE CASE:

THIS IS AN EMERGENCY PETITION CHALLENGING HIS DETENTION DUE TO THE DANGER POSE TO, RONALD THOMAS DRACOS, FROM THE COVID-19 PANDEMIC. THE PETITIONER PLEADS THAT THE COURT HAS JURISDICTION OVER THE ISSUES RAISED IN THE FILINGS OF THE ABOVE STYLED CASE, PURSUANT TO $1, \S 9, Cl2$ of the UNITED STATES CONSTITUTION SUSPENSION CLAUSE; THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS AND THE PROTECTION OF RIGHTS CLAUSE OF THE EIGHTH AMENDMENT. 28 USC§1331 (FEDERAL QUESTION); 28 USC§1651 (ALL WRITS ACT) AND 28 USC§2241 (HABEAS CORPUS) PETITIONER REQUESTS A TEMPORARY RESTRAINING ORDER REQUIRING THAT RESPONDENTS RELEASE HIM ON HIS OWN RECOGNIZANCE FOR HIS PROCEEDINGS HARRIS COUNTY DISTRICT COURT 262 CAUSE NO. 1650428 AND ALSO HIS PAROLE VIOLATION WARRANT # 08142019-05699904 PENDING THAT HEARING WHICH HAS NOT BEEN SCHEDULED. THE PETITIONER SEEK EMERGENCY RELIEF HEREIN ONE OF TWO FORMS: A WRIT OF (HABEAS CORPUS) OR AN INJUNCTION. THE ORDERS TO THE RESPONDENT TO RELEASE PETITIONER WITH APPROPRIATE PRECAUTIONARY

(2)

PUBLIC HEALTH MEASURES ON THE GROUNDS THAT THE CONTINUATION OF HIS DETENTION VIOLATES HIS RIGHTS TO DUE PROCESS, FREE OF CRUEL OR UNUSUAL PUNISHMENT AND PROTECTION OF EQUAL RIGHTS, AND EQUAL PROTECTION OF RIGHTS. THESE THERE SUPPORTED WITH THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

## STATEMENT OF FACTS

AS STATED IN THE DECLARATIONS SUBMITTED WITH THIS MOTION THE PETITIONER IS CONFINED AT THE HARRIS COUNTY SHERIFFS DEPARTMENT JAIL AND HE IS BEING HELD PRETRIAL AWAITING FURTHER PRELIMINARY HEARINGS AS SINCE HIS ARREST ON 10/18/2019 NO TRIAL DATE HAS BEEN SET NOR HAS HIS SPEEDY TRIAL MOTION BEEN RULED ON WICH WAS MAILED 03/03/2020. THIS CASE NUMBER FOR PCS LESS THAN ONE GRAM IS #1650428 IN COURT 262. HE ALSO AWAITS A REVOCATION HEARING FOR PAROLE WICH EXPIRES 04/13/2020. THIS WARRANT #0814 2019-0569990-1 VIOLATION #12603911. HIS PAROLE OFFICER MRS. BIVENEMY HAS STATED SHE HAS NO INTENT TO REVOKE HIM SINCE HE MADE PAROLE AFTER HIS MANDATORY SUPERVISION DATE AND ASIDE FROM THE PENDING CRIMINAL CHARGE PETITIONER IS ONLY ACCUSED OF TECHNICAL VIOLATIONS DUE TO ADDRESS CHANGE.

(3)

LIFTING THE PAROLE WARRANT AND SCHEDULING OF THE MRP HEARING AFTER THE DISPOSAL OF PENDING CHARGES & PROCEEDURE. IF THE PETITIONER HAD MONEY HE COULD THEN POST BOND ON THE $15,000.00 BOND SET BY HARRIS COUNTY AND THEN REQUEST T.D.C BOARD OF PARDONS AND PAROLE TO LIFT THEIR HOLD/WARRANT. THE PETITIONER COMPLETES HIS SENTANCE REACHING THE MAXIMUM EXPIRATION DATE AT MID-NIGHT 04-13-2020. THE CONTINUATION OF CONFINEMENT PUTS THE PETITIONER AT INHERANT RISK OF SEVERE HEALTH COMPLICATIONS, EXTENDED INTENSIVE HOSPITALIZATION AND IMMENENT DANGER POSSIBLY DEATH. PETITIONER HAS CHRONIC HEALTH ISSUES AND BREATHING PROBLEMS DUE TO ASTHMA AND ALLERGIES. HE ALSO HAS COMPLICATIONS WITH HIS IMMUNE SYSTEM AND RESPONSIVENESS TO ANTIBIOTICS PUTTING HIM AT ADVANCED RISK OF SEVERE SICKNESS AND DEATH. THE PETITIONERS ONLY DEFENSE TO COVID-19 IS SOCIAL DISTANCING AND SUFFICIANT CLEANLINESS AND GOOD HYGIENE HOWEVER SHARING SINKS, TOILETS, SHOWERS, EATING SURFACES AND SLEEPING LESS THAN SIX FEET APART MAKE IT IMPOSSIBLE TO PRACTICE MEASURES RECOMENDED BY THE WORLD HEALTH ORGINIZATION, THE CENTER FOR DISEASE CONTROLL AS WELL AS OTHER

5

APRIL 1, 2020 RIKERS ISLAND, CHIEF PHYSICIAN STATES INFECTION RATES ARE SOARING DESPITE FOLLOWING CDC GUIDLINES CALLING IT A PUBLIC HEALTH DISASTER, APRIL 1 2020, theguardian.com/usnews/2020/APR/01/rikers-island-jail coronavirus-publichealthdisaster.

B. THE BALANCE OF HARDSHIPS FAVORS THE PETITIONER SINCE SHERIFF ED GONZALEZ HAS MADE IT PUBLICLY KNOWN HIS DESIRES TO LESSEN THE JAIL POPULATION SINCE THE INEVITABLE SPREAD WITHIN THE JAIL WILL NEGATIVELY IMPACT THE JAIL STAFF AS WELL AS THE PUBLIC DUE TO THE CLOSED QUARTERS IN THE JAIL. THIS SPREAD WILL ALSO OVERWHELM THE PUBLIC HEALTH SYSTEM AND HOSPITALS WICH WILL RESULT IN THE EXCESSIVE LOSS OF HOSPITAL STAFF, SUPPLIES AND RECOURSES. THIS WILL CAUSE FURTHER IMMENENT DANGER TO THE PERSONELL IN THE JAIL, THEIR FAMILIES AND ALSO CITIZENS WHOM COME IN CONTACT WITH THESE PEOPLE.

C. THE LIKELIHOOD OF SUCCESS IS UNQUESTIONABLY HIGH IN THIS CASE DUE TO THE SUCCESS OF MALAM V. ADDUCCI, not to mention the FLAGARANT VIOLATIONS TO THE PETITIONERS RIGHTS AS WELL AS THE CONCERNS PREVIOUSLY RAISED BY THE SHERRIFF ED GONZALEZ HIMSELF,

PUBLIC OFFICIALS. THIS CONCESSION SUPPORTS THE CONCLUSION OF MULTIPLE DOCTORS AND PUBLIC HEALTH EXPERTS THAT "THE ONLY VIABLE PUBLIC HEALTH STRATEGY AVAILABLE IS RISK MITIGATION. THE PUBLIC HEALTH RECOMMENDATION IS TO RELEASE ALL PEOPLE WITH RISK FACTORS FROM CUSTODY GIVEN THE HEIGHTENED RISK TO THERE HEALTH AND SAFETY.

## ARGUMENT
## POINT #1
### THE PETITIONER IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION.

A.
IN DETERMINING WHETHER A PARTY IS ENTITLED TO A TRO OR A PRELIMINARY INJUNCTION COURTS GENERALLY CONSIDER SEVERAL FACTORS: WHETHER THE PARTY WILL SUFFER IRREPAIRABLE HARM, THE BALANCE OF HARDSHIPS AND THE LIKELIHOOD OF SUCCESS, AS WELL AS PUBLIC INTERESTS.
THE PETITIONER SHOWS THAT BECAUSE OF HIS CHRONIC HEALTH ISSUES HE IS MORE LIKLEY TO CONTRACT COVID 19 DUE TO HIS PRESENT CONDITIONS AND BASED ON HIS HEALTH NOW AND PREVIOUS COMPLICATIONS WITH HIS HEALTH. ALSO ACCORDING TO THE CENTER FOR DISEASE CONTROL DETENTION FACILLITIES (LOCK UPS) PRESENT UNIQUE CHALLENGES TO PUBLIC HEALTH CONDITIONS AS WELL AS MEDICAL TREATMENT FOR OCCUPANTS IN THE INSTITUTIONS,
03/23/2020 https://www.cdc.gov/coronavirus/2019-ncov/community/correctional-detention/guidance-correctional-detention.html

6

HARRIS COUNTY JUDGE LINA HIDALGO AS WELL AS COMMISIONER RODNEY ELLIS. THE PETITIONER POSES GREAT LIABILLITY WITH HIS HEALTH CONDITIONS AND BREATHING PROBLEMS IF HE WERE NOT SUCESSFULL IN THESE EFFORTS AND HE TO REMAIN DETAINENED AND FORCED TO HIGH PROBABILLITY OF EXPOSURE TO COVID 19.

POINT II

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY SINCE THE COSTS OF HIS CONFINEMENT MONTHLY MEDICAL TREATMENTS FOR PHYSICAL HEALTH, PHSYCIATRIC TREATMENT, DIETARY SUSTANANCE AND OVERALL GENERAL CONDITIONS SURPASS WHAT ITS going to cost to treat HIM AND DEAL WITH HIS REMAINS IF HE WERE TO CONTRACT COVID 19 IN THE JAIL.

FOR THE FOREGOING REASONS THE COURT SHOULD MOVE IN FAVOR OF THE PETITIONER GRANTING HIM THE RELIEF HE DESIRES IN ITS ENTIRETY.
04/12/2020     RONALD THOMAS DRACOS
            1200 BAKER ST. HOUSTON, TX. 77002